IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                         PLAINTIFF

vs.                              Civil No. 3:12-cv-03032

MICHAEL J. ASTRUE                                     DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before this Court is Defendant's Motion to Dismiss for Lack of Jurisdiction. ECF No. 12. Defendant filed this Motion on June 18, 2012 and seeks to have Plaintiff's case dismissed because he did not exhaust his administrative remedies prior to filing suit. *Id.* On June 25, 2012, Plaintiff responded to this Motion and claims his case should not be dismissed. ECF No. 13.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and reviewing the arguments of counsel, this Court recommends Defendant's Motion be **GRANTED**.

**1.**      **Background**

On March 8, 2012, Plaintiff filed his Complaint in this matter. ECF No. 1. Plaintiff brought this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("SSA") reducing his SSI benefits. *Id.*

Thereafter, on June 25, 2012, Defendant filed a Motion to Dismiss for Lack of Jurisdiction. ECF No. 12. With this Motion, Defendant claims Plaintiff's Complaint should be dismissed because

Plaintiff failed to exhaust his administrative remedies prior to the filing this case. *Id.* Specifically, Defendant claims no administrative hearing has been held in Plaintiff's case to address this reduction of his benefits. *Id.* Because no administrative hearing has been held, Plaintiff failed to exhaust his administrative remedies.

Plaintiff responded to this Motion on June 25, 2012. ECF No. 13. With this response, Plaintiff does not dispute that no administrative hearing has been held in his case. *Id.* Instead, Plaintiff argues that after his SSI benefits were reduced, he attempted to exhaust his administrative remedies by mailing a request for reconsideration to the SSA. *Id.* Plaintiff also claims that, if given the chance, he will subpoena a witness to testify that he mailed his request for reconsideration. *Id.*

**2.      Discussion**

The subject matter jurisdiction of this Court is based upon 42 U.S.C. § 405(g). Pursuant to this provision, an individual may only appeal a "final decision of the Commissioner of the Social Security" which is "*made after a hearing* to which he [the individual] was a party." (emphasis added). In this case, it is undisputed Plaintiff has not been a party to an administrative hearing addressing this reduction in benefits. Thus, the decision by the SSA is not "final," and this Court does not have jurisdiction over this case. *See Sheehan v. Sec'y of Health, Ed. & Welfare,* 593 F.2d 323, 325 (8th Cir. 1979) (noting that the U.S. Supreme Court has specifically held that federal courts can only review the decisions of the SSA in accordance with 42 U.S.C. § 405(g)) (citing *Weinberger v. Salfi,* 422 U.S. 749, 766 (1975)).

Indeed, this Court cannot ignore the exhaustion requirement even if it appears the failure to exhaust was not intentional as it appears it was not in this case. *Id.* Further, this Court cannot ignore the exhaustion requirement even if Plaintiff claims (without documentation) that he sent a request

for reconsideration.  *Id.*  Based upon these laws, this Court is simply without the authority to remand Plaintiff's case to the ALJ for further administrative review.

### 3.    Conclusion

Based on the foregoing and because Plaintiff failed to exhaust his administrative remedies prior to filing this case, this Court does not have subject matter jurisdiction over this case under 42 U.S.C. § 405(g).  As such, this Court recommends Plaintiff's case be dismissed without predjudice.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 6th day of July 2012.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE