IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                                          PLAINTIFF

v.                                              Case No. 3:12-CV-03032

SOCIAL SECURITY ADMINISTRATION COMMISSIONER                       DEFENDANT

**O R D E R**

Currently before the Court is the Report and Recommendations (Doc. 14) of the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. Also before the Court are Plaintiff's objections. (Doc. 15). For the reasons stated below, the Court ADOPTS the Report and Recommendation and finds that Defendant's Motion to Dismiss should be granted.

The Magistrate recommends that this case be dismissed for lack of jurisdiction, as the Plaintiff, David Stebbins, has failed to exhaust his administrative remedies as required by the Social Security Act. In his objections, Mr. Stebbins concedes as to the Magistrate's reasoning, but asks that his complaint be construed as a petition for writ of mandamus and that the Court order Defendant to schedule a hearing regarding his claim that he does not owe any overpayment on his social security benefits.

Even if the Court were to construe Mr. Stebbins's complaint as a petition for writ of mandamus, the action must still be dismissed. "The writ of mandamus is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Taylor v. Barnhart*, 399 F.3d 891, 894 (8th Cir. 2005) (quotation omitted). Mr. Stebbins did not exhaust all available avenues of relief before filing his complaint in this case. In fact, the complaint was filed on March 6, 2012 to complain about the fact

that Mr. Stebbins had stopped receiving benefits as of March 2012. Mr. Stebbins clearly did not exhaust any administrative remedies before seeking relief in this Court. Nor did the extraordinary relief of a writ of mandamus become appropriate as of the filing of Mr. Stebbins's amended complaint on May 3, 2012.

The Court finds, therefore, upon *de novo* review as to Mr. Stebbins's objections, that Mr. Stebbins's objections do not raise any issue of law or bring to light any facts that would require departure from the Magistrate's findings set forth in the Report and Recommendation.

IT IS THEREFORE ORDERED that the Report and Recommendation (Doc. 14) is ADOPTED IN ITS ENTIRETY.

For the reasons set forth above, and including those reasons set forth in the Report and Recommendations and herein adopted, IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (Doc. 12) is GRANTED, and Plaintiff's Complaint, including any and all amendments thereto, is DISMISSED WITHOUT PREJUDICE.

Mr. Stebbins also moves to disqualify Chief United States Magistrate Judge James Marschewski. Although Judge Marschewski originally granted Mr. Stebbins leave to proceed *in forma pauperis* in this case, the case was subsequently reassigned to Judge Bryant, who entered the Report and Recommendations. The Court does not agree that there are any grounds for disqualification of Judge Marschewski in this matter, and Mr. Stebbins does not argue that Judge Bryant should be disqualified.

Mr. Stebbins does not give any other grounds for why it is "abundantly clear" that the Court holds an animus against him, and the Court is otherwise unaware of any grounds warranting disqualification from this case.

IT IS THEREFORE ORDERED that Mr. Stebbins's Motion to Disqualify (Doc. 18) is DENIED.

IT IS SO ORDERED this 8th day of July, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE